UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SEBASTIAN MARTINEZ<br><br>Plaintiff,<br><br>v.<br><br>CROWN AUTOMOTIVE MANAGEMENT, INC.<br><br>Defendant. | Case No.: |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff SEBASTIAN MARTINEZ by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, CROWN AUTOMOTIVE MANAGEMENT, INC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff SEBASTIAN MARTINEZ, (hereafter "Plaintiff") against his former employer, Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment for Defendant, Plaintiff performed work for Defendant in excess of forty hours in a workweek for which he was not compensated at one-and-a-half times the regular rate of pay. Consequently, Defendant was not fully compensating all hours,

2. including those in excess of forty (40) hours in a workweek as required by the FLSA.

3. Additionally, in several weeks, Defendant did not compensate Plaintiff the minimum wage for every hour worked.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Pinellas County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

6. Plaintiff, SEBASTIAN MARTINEZ, a resident of Pinellas County, was a former employee of Defendant who worked at St. Petersburg, Florida.

7. Plaintiff, SEBASTIAN MARTINEZ, is an employee as defined by the laws under which this action is brought.

8. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. is an employer as defined by the laws under which this action is brought.

9. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. operates an auto dealership in St. Petersburg, Florida.

10. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

## COVERAGE

11. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. uses credit lines, wire transfers and/or credit card payments to entities outside the state of Florida, for the purchase of automobiles, parts, and supplies, manufactured outside the state of Florida, and which cross state lines in the flow of commerce. Defendant sells such products in the stream of commerce and accepts payment from customers through credit cards and checks from banks located outside the state of Florida.

13. Defendant also hosts one or more websites viewed by potential customers across state lines, and sends faxes, emails, and other communications across state lines.

14. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

15. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

16. During the term of his employment, Plaintiff SEBASTIAN MARTINEZ was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

17. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

18. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

19. Plaintiff SEBASTIAN MARTINEZ was employed by Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. from November 2019 to January 2020.

20. Plaintiff held a sales position at the time of separation, but he was mainly undergoing training during his employment.

21. Plaintiff's duties included training and learning about Crown Automotive's products and services.

22. Plaintiff's was mostly paid $340.00 per week (and checks showed an hourly rate of $8.50 per hour).

23. During his employment with Defendant, Plaintiff was classified non-exempt.

24. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

25. During the period covered by the employment, Plaintiff worked more than forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

26. During the first weeks of employment, Plaintiff averaged 56.9 hours a week, but his paystub only stated 40 hours.

27. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. was aware that Plaintiff was working over forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

28. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

29. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

30. Plaintiff SEBASTIAN MARTINEZ re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

31. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

32. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

33. As a result of Defendant's willful violation of the FLSA, Plaintiff SEBASTIAN MARTINEZ is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## COUNT II
## FLSA MINIMUM WAGE VIOLATIONS

34. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

35. Plaintiff SEBASTIAN MARTINEZ performed work for Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. for which he was not fully compensated.

36. Defendant CROWN AUTOMOTIVE MANAGEMENT, INC. did not pay Plaintiff the minimum wage required by the FLSA by mainly compensating Plainitff 40 hours a week, even though Plainiff worked over 40 hours most of the work weeks. That yielded a regular rate of less than $7.25, for each hour worked during the mayority of Plaintiff's workweeks.

37. The actions of Defendant set forth above of failing to pay Plaintiff the statutory minimum wage constitute a violation of 29 U.S.C. §206.

38. Defendant's actions were willful and/or showed reckless disregard for the provisions of the F.L.S.A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEBASTIAN MARTINEZ respectfully requests judgment against Defendant CROWN AUTOMOTIVE MANAGEMENT, INC., and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's minimum wage rate; and

f. Liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

## DEMAND FOR JURY TRIAL

39. Plaintiff requests a jury trial to the extent authorized by law.

Dated: May 24, 2020                             Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
3980 Tampa Rd.
Suite 205
Oldsmar, Florida 33677
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 813.603.4500
🖱 WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com